(20 Misc. Rep. 420.)

## LOWENTHAL v. LEONARD.

(City Court of New York, General Term. May 29, 1897.)

EXAMINATION BEFORE TRIAL—WHEN REFUSED.

In an action by an executrix for rent due decedent, defendant averred that the lease was procured by false representations of decedent as to the amount of business done by him, and asked an examination of plaintiff before trial, and an inspection of decedent's books, to show the falsity of the representations. Plaintiff stipulated to be at the trial, and produce the books. *Held*, that such examination was not shown to be "necessary" (Code Civ. Proc. § 872, subd. 4), as the inquiry could be better kept within bounds after proof of the representations at the trial.

Appeal from special term.

Action by Marie Lowenthal, as executrix, against Alfred D. Leonard, in which an examination of plaintiff before trial and an inspec-

tion of books were ordered. From orders vacating the orders for such examination and inspection, defendant appeals. Affirmed.

Argued before SCHUCHMAN and CONLAN, JJ.

P. P. Safford, for appellant.

T. D. Reeves, for respondent.

SCHUCHMAN, J. This is an appeal from an order vacating an order for the examination of the plaintiff before trial, and an inspection and discovery of books, etc. The plaintiff's cause of action is for rent accrued by virtue of a written lease made by Herman Lowenthal, the plaintiff's intestate, with defendant. The defense is that the lease was procured by fraud, in that the plaintiff's intestate falsely represented to the defendant, at the time of the making of the lease, "that he had an extensive and valuable practice as a physician," which induced the defendant, who was also a practicing physician, to enter into said lease at the rentals therein mentioned, and sets up a counterclaim of $500 for damages on account of the said fraud. The defendant seeks to examine the plaintiff, the wife of said decedent, as to her knowledge of the extent of said practice, and as to the identity and nature of the bank books, cash books, check books, and other books of account and papers, discovery of which he is also seeking herein. "Knowledge as to the exact extent [of the practice] of said decedent at the time of the making of the lease is peculiarly possessed by the plaintiff, who knows from her own recollection, and from the custody of the books of account of said Lowenthal, deceased, what his professional income amounted to at the time, and there is no other witness, so far as I know, who has exact or personal knowledge."

Considering that the defendant has the burden of proof as to the making of the false representation alleged to have been made by Dr. Lowenthal, since deceased, and that his testimony is limited by the rules of evidence relative to personal communication and transactions had with deceased persons, it seems to be the wiser course to let the defendant discharge that onus first at the trial, and, if he does deliver himself of it, then allow him to prove the falsity thereof. The plaintiff has stipulated to be at the trial, and submit to an examination, if desired, and produce books, etc. The question involved can be better ruled upon, and the inquiry better kept in bounds, at the trial than on this examination. The fact seems to be that the examination is proposed somewhat to annoy the plaintiff, for she swears that George W. Simers, Jr., when he served the papers on her, said "he had come to make her trouble." Simers says: "I told her she had papers served on Dr. Leonard, and now it was her turn."

There seems to us no necessity for the plaintiff's examination before trial. Code Civ. Proc. § 872, subd. 4. Therefore both orders are affirmed, with costs.

CONLAN, J., concurs.